**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

DEC 12 2017

JAMES W. McCORMACK, CLERK

By: _____ DEP CLERK

| | |
|---|---|
| **DAVID BOONE** | PLAINTIFF |
| **v.** | Case No.: 4:17cv818-JM |
| **SHUANG HONG LIU** | FIRST DEFENDANT |
| **AND** | |
| **QUALIFIED TRUCKING SERVICE, INC.,** | SECOND DEFENDANT |
| **AND** | |
| **FICTITIOUS DEFENDANTS A-CC** | DEFENDANTS |
| | **JURY TRIAL REQUESTED** |

**COMPLAINT**   This case assigned to District Judge __Moody__
and to Magistrate Judge __Harris__

## JURISDICTION AND VENUE

1. The Plaintiff, David Boone, (hereinafter " David") is an adult resident citizen of the State of Mississippi, and who was injured as a driver of a commercial motor vehicle in Pulaski County, North Little Rock, Arkansas when his vehicle was hit by a commercial tractor-trailer combination driven and owned, leased and/or operated by one or more of the Defendants.

2. Defendant, Shuang Hong Liu (hereinafter "Liu"), is an adult resident citizen of 3032 East Pinefalls Drive, West Covina, California 91792. Defendant Liu was an employee, lessee and/or agent of Defendant, Qualified Trucking Service, Inc. and worked in the line and scope of his employment as a truck driver for Qualified Trucking Service, Inc. at the time of the incident made the basis of this complaint.

3. Defendant, Qualified Trucking Service, Inc. (hereinafter "Qualified Trucking"), is a foreign company domiciled in California with its corporate headquarters in 19270 Colima Road, Apartment 29, Rowland Heights, California 91748. Qualified Trucking's registered agent for service of process in California is Junfeng Zhou, 1560 Ottenbein Avenue, SPC 162, Rowland Heights, California 91748. At all times material to this action, Qualified Trucking was the Owner, Operator and Employer of Liu and the commercial vehicle subject matter of this action.

1

4.  There may be other entities whose true names and identities are unknown to the Plaintiff at this time who may be legally responsible for the claim(s) set forth herein, and who may be added by amendment when their true names and identities are ascertained by. Until such time, the Plaintiff will designate these parties in accordance with Fed. *R. Civ. P. 17(a)(3) & 19(a)(1).*

The word "entity" as used herein is intended to refer to any and all legal entities, including individual persons, any and all forms of partnerships, any and all types of corporations, and unincorporated associations.

The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one "entity."

In the present action, the party Defendants which the Plaintiff must include by descriptive characterization are as follows:

(i)  whether singular or plural, the correct legal name of Qualified Trucking Service, Inc;

(ii)  whether singular or plural, the correct legal name of Shuang Hong Liu;

(iii)  whether singular or plural, the entity or entities who or which was the operator of the commercial motor vehicle which collided with the commercial motor vehicle occupied by David Boone;

(iv)  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly operated the commercial motor vehicle which collided with the commercial motor vehicle occupied by David Boone;

(v)  whether singular or plural, the entity or entities who or which was the employer of the person who was the operator of the commercial motor vehicle which collided with the commercial motor vehicle occupied by David Boone;

(vi)  whether singular or plural, the entity or entities for whom Shuang Hong Liu was acting as an agent, servant, or employee on the occasion of the incident made the basis of this lawsuit;

(vii)  whether singular or plural, the entity or entities who or which owned, leased or rented the commercial motor vehicle which was involved in the incident made the basis of this lawsuit;

(viii)  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly operated a commercial carrier with inadequate safety management controls;

(ix)  whether singular or plural, the entity or entities who or which wrongful negligently and/or wantonly entrusted a vehicle to an incompetent driver with knowledge of said drivers incompetence;

(x)  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly entrusted chattel, property, freight, or goods to another with knowledge of the dangers thereby created;

(xi)  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly hired and selected the operator .of the commercial motor vehicle which collided with the commercial motor vehicle occupied by David Boone;

(xii)  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly trained the operator of the commercial motor vehicle which collided with the commercial motor vehicle occupied by David Boone;

(xiii)  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly supervised and monitored the operator of the commercial motor vehicle which collided with the commercial motor vehicle occupied by David Boone;

(xiv)  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly used an unskilled, unknowledgeable, unqualified or disqualified driver;

(xv)  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly retained the employment of the operator of the commercial motor vehicle which collided with the commercial motor vehicle occupied by David Boone;

(xvi)  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly maintained the commercial motor vehicle, including the equipment thereon, which collided with the commercial motor vehicle occupied by David Boone;

(xvii)  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly inspected the commercial motor vehicle, including the equipment thereon, which collided with the commercial motor vehicle occupied by David Boone;

(xviii)  whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly equipped the commercial motor vehicle which collided with the commercial motor vehicle occupied by David Boone;

3

(xix)    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly loaded and secured the cargo on the commercial motor vehicle which collided with the commercial motor vehicle occupied by David Boone;

(xx)    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly overloaded the commercial motor vehicle which collided with the commercial motor vehicle occupied by David Boone;

(xxi)    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly scheduled shipments and deliveries;

(xxii)    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly selected an independent contractor;

(xxiii)    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly violated the Federal Motor Carrier Safety Regulations;

(xxiv)    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly violated their own company policy;

(xxv)    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly aided and abetted their employees in the Violation of the Federal Motor Carrier Safety Regulations;

(xxvi)    whether singular or plural, the entity or entities who or which wrongfully, negligently and/or wantonly conspired with another in the violation of the Federal Motor Carrier Safety Regulations and laws of the State of Arkansas;

(xxvii)    whether singular or plural, the entity or entities who .or which wrongfully, negligently and/or wantonly acted in concert with another in the violation of the Federal Motor Carrier Safe Regulations and laws of the State of Arkansas;

(xxviii)    whether singular or plural, the entity or entities other than those described above whose negligence, wantonness, failure to act, breach of duty or other wrongful conduct caused or contributed to the occurrence made the basis of Plaintiff's claims;

(xxix)    whether singular or plural, the entity or entities other than those described above, which is the successor in interest to any of those entities described hereinabove.

Plaintiff avers that the identities of the fictitious party "Defendants" are otherwise unknown at this time, or, if known, their identities as proper party defendants are not known, but their true names will be substituted by amendment when ascertained.

5. The amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000).

6. This court has jurisdiction over this matter pursuant to 28 U.S.C §1332, since there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Additionally, this Court has Federal Question jurisdiction under 28 USC §1331 since this matter includes allegations related to Federal statutes. Venue is proper in the Eastern District of Arkansas based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district as follows:

   a) Defendants operate the commercial vehicle which caused the wreck;

   b) Defendants failed to use the knowledge and skills necessary to operate a commercial motor vehicle safely;

   c) Defendants failed to use proper visual search methods as required by the Federal Motor Carrier Safety Regulations;

   d) Defendants failed to use proper speed management techniques as required by the Federal Motor Carrier Safety Regulations.

## FACTS

7. On January 5, 2017, at 7:30 a.m., David was driving East on I-40, in his 18 wheeler vehicle, and approaching Exit 153(B) in the 2nd lane. Suddenly and without any warning, David's vehicle was violently struck from behind by the 18 wheeler vehicle driven by Defendant Liu.

8. Defendant Liu was operating a commercial motor vehicle owned, leased and/or operated by Qualified Trucking disregarded the traffic signals and crashed into the vehicle occupied by David.

9. At all times herein mentioned, Plaintiff's vehicle was operated in a reasonable and prudent manner, with due caution and regard for the motor vehicle laws of the State of Arkansas.

10. Defendant Liu failed to keep a proper lookout, failed to maintain a safe distance, failed to properly manage his speed, failed to properly manage his space, and/or failed to observe the Plaintiff's vehicle and otherwise violated the Rules of the

Road and/or Federal Motor Carrier Safety Regulations when his commercial vehicle collided with the Plaintiff's vehicle.

11. Plaintiff sustained personal injuries directly and proximately caused by the wrongful acts and/or omissions of the Defendants.

## COUNT ONE

12. The Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if set forth fully herein and further avers as follows:

13. At approximately 7:30 a.m. on the 5th day of January, 2017, Defendant Liu did wrongfully and negligently:

   a)  fail to use proper space management techniques as required by the Federal Motor Carrier Safety Regulations;

   b)  fail to use proper hazard perception techniques as required by the Federal Motor Carrier Safety Regulations;

   c)  fail to yield the right of way to the vehicle in which Plaintiff was the driver;

   d)  fail to proceed cautiously into intersection and a roadway;

   e)  fail to keep a proper lookout;

   f)  fail to take reasonable evasive action to avoid causing a wreck;

   g)  fail to obey traffic signals;

   h)  fail to comply with Federal Motor Carrier Safety Regulations regarding Commercial Driver's Hours limit;

   i)  fail to inspect Qualified Trucking's commercial vehicle, including the equipment thereon;

   j)  violate the Federal Motor Carrier Safety Regulations;

   k)  violate Arkansas motor vehicle statutes;

   l)  violate company policy;

   m)  cause and/or contribute to the occurrence made the basis of this lawsuit;

   n)  commit other such acts and omissions as will be shown through discovery and proven at the trial of this action.

14. At the time of the incident made the basis of this lawsuit, Defendant Liu was acting in the line and scope of his employment and/or agency for Qualified Trucking.

15. Plaintiff alleges that, as a direct and proximate consequence of the aforesaid wrongful and negligent conduct of Defendant Liu, the Plaintiff was caused to suffer injuries.

## COUNT TWO

16. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if set forth fully herein and further aver as follows:

17. At approximately 7:30a.m. on the 5th day of January 2017, and in addition to the acts and omissions of Defendant Liu, which were imputed to, ordered, authorized, known to, ratified and/or condoned by Qualified Trucking, by one or more of the following acts or omissions, was wrongful and negligent when it:

    a) operated a commercial carrier with inadequate safety management controls;

    b) entrusted a vehicle to an incompetent driver with knowledge of said driver's incompetence;

    c) hired and selected the operator of the commercial vehicle which was involved in the collision with the vehicle in which the Plaintiff was the driver;

    d) trained the operator of the commercial vehicle which was involved in the collision with the vehicle in which the Plaintiff was the driver;

    e) supervised and monitored the operator of the commercial vehicle which was involved in the collision with the vehicle in which the Plaintiff was the driver:

    f) used an unskilled, unknowledgeable, unqualified or disqualified driver;

    g) retained the employment of the operator of the commercial vehicle which was involved in the collision with the vehicle in which the Plaintiff was the driver;

    h) violated the Federal Motor Carrier Safety Regulations;

    i) violated Arkansas motor vehicle statutes;

    j) violated its own company policy;

    k) aided and abetted its employees in the violation of the Federal Motor Carrier Safety Regulations;

    l) aided and abetted its employees in the violation of the Arkansas motor vehicle statutes;

    m) conspired with its drivers in order to violate the Federal Motor Carrier Safety Regulations;

n)  conspired with its drivers in order to violate the Arkansas motor vehicle statutes;

o)  failed to implement and enforce means to prevent its drivers and equipment from operating unsafely or in violation of applicable laws, regulations and/or rules that a reasonable, prudent motor carrier would have implemented and enforced;

p)  maintained the commercial vehicle, including the equipment thereon, that was involved in the collision with the vehicle in which the Plaintiff was the driver;

q)  failed to ensure that the commercial vehicle that was involved in the collision with the vehicle in which The Plaintiff was the driver, had the parts and accessories necessary for safe operation;

r)  inspected the commercial vehicle, including the equipment thereon, which was involved in the collision with the vehicle in which the Plaintiff was the driver;

s)  equipped the commercial vehicle that was involved in the collision with the vehicle in which the Plaintiff was the driver;

t)  caused and/or contributed to the occurrence made the basis of this lawsuit; and

u)  committed other such acts and omissions as will be shown through discovery and proven at the trial of this action.

18. As a direct and proximate consequence of the aforesaid wrongful and negligent conduct of Qualified Trucking, Plaintiff was caused to suffer injuries.

## COUNT THREE

19. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if set forth fully herein and further aver as follows:

20. The above-described conduct by Defendants Liu, Qualified Trucking was gross, willful, wanton and reckless negligence, and creates an independent tort on the part of these Defendants.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands judgment against Defendants Liu, Qualified Trucking for compensatory and punitive damages in an amount or amounts to which a jury determines each is entitled, plus interest, attorneys' fees, and costs.

RESPECTFULLY SUBMITTED this the 8th day of December 2017.

Olufemi G. Salu, MSB#100160
Attorney for Plaintiff
Salu & Salu Law firm, PLLC
2129 Stateline Road West Suite A
Southaven, MS 38671
Phone:  662-342-7007
Fax:      662-342-7010
Email:   salu@salulawfirm.com

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**DEFENDANTS TO BE SERVED BY PLAINTIFF AS FOLLOWS:**

Name:           Shuang Hong Liu

Address:        3032 East Pinefalls Drive
                West Covina, California 91792


Name:           Qualified Trucking Service, Inc.

                **Address of Registered Agent in California**:

                Junfeng Zhou
                1560 Ottenbein Avenue, SPC 162
                Rowland Heights, California 91748